IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS-LEEF GENERAL AGENCY, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 13-cv-2337-JAR ) |
| RISING STAR INSURANCE INC., et al., | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM AND ORDER**

Plaintiffs Chris-Leef General Agency, Inc. and QuoteTracker GA, LLC bring this action against Defendants Rising Star Insurance Inc., Glenda Dowell, and Richard Black, seeking damages and injunctive and declaratory relief for several claims, alleging conversion, civil conspiracy, and misappropriation under the Kansas Uniform Trade Secrets Act ("KUTSA"). The case is now before the Court on Plaintiffs' Motion to Remand (Doc. 8). The motion is fully briefed, and the Court is prepared to rule. As explained more fully below, the Court denies Plaintiffs' Motion to Remand.

**I.     Background**

On May 27, 2011, Plaintiffs filed their original Complaint against Defendants in the District Court of Johnson County, Kansas. Defendants timely removed the action to the United States District Court in Kansas on July 22, 2011, arguing that this Court had subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiffs' KUTSA claims were preempted by the Copyright Act.[1] Plaintiffs filed the Motion to Remand on August 18, 2011. In their

---

[1]*See* Doc. 3, Ex. A-9.

motion, Plaintiffs claimed that Defendants improperly removed the case. Plaintiffs asserted that their state law claims did not fall within the province of the Copyright Act and were therefore not preempted by the Copyright Act. This Court found that preemption did not apply and remanded the case back to the District Court of Johnson County, Kansas.[2]

On remand, both parties engaged in limited discovery.[3] During discovery, Defendants produced a Certificate of Registration issued by the United States Copyright Office for QMS Software, the software program at issue in this case.[4] The software was registered in Defendant Black's name only.[5] After Defendant Black asserted ownership over QMS Software, Plaintiffs amended their complaint to add a declaratory judgment count (hereinafter referred to as "Count V"), seeking a declaration that Plaintiffs are the only owners of the QMS Software and QMS Source Code and Defendants "do not have any ownership, interest, copyright or otherwise, in the QMS Software or QMS Source code."[6] Additionally, the First Amended Complaint (FAC) added a request for injunctive relief to prevent Defendants from continued use of QMS Software and any of its derivatives.[7] Defendants then filed a Notice of Removal with this Court on the ground that Count V arises under the federal Copyright Act.[8]

## II. Discussion

---

[2]*Chris-Leef Gen. Agency, Inc. v. Rising Star Ins., Inc.*, No. 11-cv-2409-JAR, 2011 WL 5039141 ( D. Kan. Oct. 24, 2011).

[3]Doc. 16 at 2.

[4]*Id.*

[5]*Id.*

[6]Doc. 3, Ex. A-48 at ¶¶ 51-56

[7]Doc. 3, Ex. A-48 at ¶56.

[8]*See* Doc. 1.

The Court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[9] Federal courts must have a statutory basis for exercising subject matter jurisdiction.[10] Because federal courts "are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[11] And so, courts must resolve doubtful cases in favor of remand.[12]

But remand is improper if the defendant properly removed a case to federal court that the plaintiff could have originally filed in federal court.[13] The defendant, however, bears the burden of showing that jurisdiction is proper.[14] When, as here, the action does not involve complete diversity of citizenship, the defendant must show federal question jurisdiction. A court may exercise federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[15] "'A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.'"[16] Thus, the

---

[9] 28 U.S.C. § 1447(c).

[10] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).

[11] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[12] *Thurkill v. Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[13] *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[14] *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind. Inc.*, 298 U.S. 178, 189 (1936)).

[15] 28 U.S.C. § 1331.

[16] *Nicodemus*, 318 F.3d at 1235 (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)) (internal quotations omitted).

federal question must appear on the face of the well-pleaded complaint.[17] While a complaint may disclose that the matter involves a copyright dispute, it does not in itself follow that the case "arises under" the Copyright Act.[18]

> "[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction . . . , or asserts a claim requiring construction of the Act . . . , or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."[19]

The Court must not consider whether the claim implicates a federal defense—such as preemption—because the defense is not part of the plaintiff's well-pleaded complaint.[20]

It is clear from the face of Plaintiffs' FAC that the matter involves a copyright dispute because Plaintiffs allege that Defendants do not own a "copyright" in the QMS Software or QMS Source Code. However, Plaintiffs' allegation regarding copyright status does not unequivocally establish their claim as arising under the Copyright Act. Defendants argue that this Court has subject-matter jurisdiction because Count V in the FAC arises under federal copyright law.

Although Plaintiffs' FAC does not explicitly invoke the Copyright Act on its face, resolution of Count V requires construction of §§ 101 and 201(b) of the Copyright Act. Under the Copyright Act, "ownership 'vests initially in the author or authors of the work.'"[21] Plaintiffs' argument that the Court can declare that they are the owners of QMS and Defendants obtained it

---

[17]*Caterpillar Inc.*, 482 U.S. at 392.

[18]*Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 969 (4th Cir. 1990).

[19]*Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)); *see 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1050 (10th Cir. 2006) (internal citations omitted).

[20]*Caterpillar Inc.*, 482 U.S. at 392–93.

[21]*Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989) (quoting 17 U.S.C. § 201(a)).

4

through violation of state law without construction under the Copyright Act is unpersuasive. The only document governing ownership of QMS Software is Defendant Black's certificate of registration. A certificate of registration of a copyright constitutes prima facie evidence that the copyright is valid.[22] Albeit, the validity of that registration is brought into question by Count V. But, "[u]pon presentation of the certificate, the [party without the registration] bears the burden to overcome the presumption of validity."[23] Defendants have presented a certificate of registration for QMS Software so Plaintiffs now hold the burden of overcoming the presumption of validity. However, "[i]f the work is for hire, the employer or other person for whom the work was prepared is considered the author and owns the copyright, unless there is a written agreement to the contrary."[24] Plaintiffs admitted that Defendant Black assisted in developing the QMS Software and QMS Source Code.[25] Plaintiffs also alleged that Defendant Black was "hired ... to assist in maintaining, supporting, and updating the QMS Software at the direction of Plaintiff CLGA."[26] Plaintiffs do not indicate whether they considered Defendant Black an employee or independent contractor. Defendants maintained that he was an independent contractor. The applicability of definitions under the Copyright Act are at issue.[27] Defendant Black's employment status is central to the question of authorship under the Copyright Act. To

---

[22] *Syrus v. Bennett*, 455 F. App'x 806, 809 (10th Cir. 2011).

[23] *Id.* (quoting *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005)).

[24] *Cmty. for Creative Non-Violence*, 490 U.S. at 737 (quoting 17 U.S.C. §§ 102) (internal quotations omitted).

[25] Doc. 3, Ex. A-48 at ¶15.

[26] *Id.*

[27] *See Lombardi v. Suares*, 923 F.Supp. 51, 53–4 (S.D.N.Y. 1996).

5

prove that QMS was a work made for hire, § 101 provides that Plaintiffs show: 1) Defendant Black worked as Plaintiffs' employee and prepared QMS "within the scope of his employment"; or 2) Defendant Black, working as an independent contractor, expressly agreed in writing that QMS would be a work made for hire.[28] Since Plaintiffs have not alleged that Black, the holder of the federal copyright registration, assigned his interest in QMS by way of written agreement, Plaintiffs must show that Black worked as Plaintiffs' employee and prepared QMS within the scope of his employment to prevail on their claim.[29]

Application of the Copyright Act requires federal principles control disposition of Count V. The Supreme Court held that the terms "employee" and "scope of employment" must be construed using "federal rule[s] of agency"— and not "the law of any particular State"— in the face of the Copyright Act's express objectives to create a national, unified copyright law by preempting any state common law and statutory schemes regulating copyrights.[30] Therefore, the Court finds that federal question jurisdiction is further supported by the need to apply federal rules of agency to Count V.

Plaintiffs heavily rely on cases in which federal courts did not exercise jurisdiction because contracts governed the ownership of the copyrighted materials at issue.[31] While the

---

[28] *See* 17 U.S.C. §§ 101, 201(b); *Cmty. for Creative Non-Violence*, 490 U.S. at 737–38.

[29] 17 U.S.C. §§ 101; *Cmty. for Creative Non-Violence*, 490 U.S. at 738; *see also gh, LLC v. Curtin*, 422 F.Supp. 2d 994, 997 (N.D. Ind. 2006) (noting that "[s]everal courts have found that federal jurisdiction exists in cases that raise issues of whether a work is a 'work for hire'").

[30] *Cmty. for Creative Non-Violence*, 490 U.S. at 740; *see* 17 U.S.C. § 301(a).

[31] *See Dorsey v. Money Mack Music, Inc.*, 304 F.Supp.2d. 858, 867 (E.D. La 2003) (holding "relief springs from the contracts between parties and fiduciary duties" and not copyright laws); *Dead Kennedys v. Biafra*, 37 F.Supp.2d. 1151, 1154 (N.D. Cal. 1999) (holding claim for an accounting and other issues as between alleged co-owners of copyright is founded in state law and does not arise under copyright laws).

Court need not go further in its jurisdiction analysis since the FAC confers jurisdiction, the Court would be remiss if it did not take the opportunity to distinguish between disputes over ownership of copyrighted materials in which jurisdiction is exercised and jurisdiction is refused. Ownership of copyrighted material can be governed by written agreement or solely by the Copyright Act. Cases involving a written agreement are inapposite here because determination of ownership rests on construction of a contract; there is no contract between the parties in this action.[32] "Although a complaint may not state a Copyright Act claim on its face, federal jurisdiction may be appropriate if resolution requires application of the work-for-hire doctrine of the Copyright Act" because there is no written agreement as to ownership.[33]

Finally, Plaintiffs argue that Defendants removed this action on the basis of preemption and a counterclaim for infringement.[34] While Defendants previously requested removal on the basis of preemption, they are not again attempting to do so in this action. Instead, Defendants

---

[32] Contract disputes are not wholly determinative with respect to jurisdiction where copyrighted materials are at issue. Only when a case is exclusively dependent on construction of the contract governing the copyrighted materials is the Copyright Act not applicable. *See Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 845 (D.C. Cir. 2002) (noting that "when a complaint alleges a claim or seeks a remedy provided by the Copyright Act, subject matter jurisdiction under [28 U.S.C.] § 1338(a) is not lost merely because a contract ownership dispute may be implicated"); *see also Goodman*, 815 U.S. F.2d 1030 (affirming jurisdiction where validity of the copyright itself was in question and noting that disputes over title to copyrights arising from an alleged breach of contract depended upon principles of common law and equity rather than federal copyright laws).

[33] *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124–25 (9th Cir. 2010) (affirmed federal question jurisdiction *sua sponte*, reasoning that jurisdiction was appropriate because application of the work for hire doctrine was necessary to prove ownership of source code since there was no written agreement as to ownership between technology company and programmer)); *see Scandinavian Satellite Sys.*, 291 F.3d at 845 (dictum noting that "[A] dispute that turns on whether a copyrighted work was created independently or as a 'work made for hire' is an *ownership dispute* that unquestionably arises under the Copyright Act.").

[34] Plaintiffs also suggest that removal based on Defendant's counterclaim for infringement is insufficient to establish jurisdiction. The Court recognizes that a federal question in a counterclaim cannot form the basis of removal and does not grant removal on this ground. *See Holmes Group, Inc. v. Vornado Air Circulations Sys.*, 535 U.S. 826, 831-32 (2002). Moreover, Defendants' arguments for removal were not on this basis. Therefore, the Court does not reach this issue.

argue that this Court has jurisdiction because Count V arises under federal law.[35]  Therefore, Count V provides a new and different ground for removal to federal court that does not require a preemption analysis.  A defendant can remove a case a second time when the plaintiff amends its petition in state court and creates new grounds for removal.[36]

In deciding whether Defendants possess or do not possess ownership interest in the QMS Software as Plaintiffs alleged, this Court must first construe the work for hire doctrine governed by §§ 101 and 201(b) of the Copyright Act.  Plaintiffs cannot evade federal jurisdiction by stating their claims in the negative to avoid explicitly admitting that the Copyright Act bears on their claims.  The Court finds that federal question jurisdiction is established because Count V requires construction of the Copyright Act and federal principals control defining key terms in the Copyright Act (*e.g.*, "employee" and "scope of employment").  Therefore, the Court need not determine whether Plaintiffs' amended prayers for relief also create federal question jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Remand (Doc. 8) is **DENIED**.

Dated: October 21, 2013

                                               S/ Julie A. Robinson

                                              JULIE A. ROBINSON

                                              UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. § 1331.

[36] *See O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974).